IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL JONES, | § | |
| | § | No. 123, 2018 |
| Petitioner Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE | § | |
| DEPARTMENT OF CORRECTION, | § | C.A. No. N16M-04-092 |
| CENTRAL OFFENDERS' | § | |
| RECORDS, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: March 22, 2018
Decided: April 4, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 4th day of April 2018, it appears that:

(1)    On March 9, 2018, the Court received the appellant's notice of appeal from a Superior Court corrected order, docketed on January 30, 2018, dismissing the appellant's petition for a writ of mandamus.  Under Supreme Court Rule 6(a)(i), a timely notice of appeal should have been filed on or before March 1, 2018.

(2)    The Senior Court Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed as untimely.[1]  The appellant filed a

---

[1] Del. Supr. Ct. R. 29(b).

response to the notice to show cause on March 22, 2018.  The appellant's response states that he placed his notice of appeal in the prison mail on February 28, 2018, before the expiration of the 30-day deadline.  He asserts that his appeal should not be dismissed as untimely.

(3)  Time is a jurisdictional requirement.[2]  A notice of appeal must be *received* by the Office of the Clerk of this Court within the applicable time period to be effective.[3]  This Court has never adopted a prisoner mailbox rule.[4]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[5]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[6]  Prison personnel and postal workers are not court-related personnel.  Thus, the untimely appeal must be dismissed for lack of jurisdiction.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3]Del. Supr. Ct. R. 10(a) (emphasis added).
[4]*Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[5]*Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[6]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).